# In the United States Court of Federal Claims

BID PROTEST
No. 20-969C
Filed Under Seal: February 16, 2021
Reissued: March 29, 2021[*]
NOT FOR PUBLICATION

| | |
|---|---|
| GOLDEN IT, LLC, ) | |
| ) | Post-Award Bid Protest; Judgment Upon |
| Plaintiff, ) | the Administrative Record, RCFC 52.1; |
| ) | Best Value Determination; Injunctive |
| v. ) | Relief; Ripeness; Mootness. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Jon D. Levin*, Counsel of Record, *W. Brad English*, Of Counsel, *Emily J. Chancey*, Of Counsel, *Michael W. Rich*, Of Counsel, Maynard, Cooper & Gale, P.C., Huntsville, AL, for plaintiff.

*James W. Poirier*, Trial Attorney, *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Jeffrey B. Clark*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Elin M. Dugan*, Of Counsel, United States Department of Agriculture, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff, Golden IT, LLC ("Golden IT"), brings this post-award bid protest matter challenging the United States Department of Agriculture's ("USDA") decision to award a blanket purchase agreement to assist the USDA in implementing the Identify, Credential, and

---

[*] This Memorandum Opinion and Order was originally filed under seal on February 16, 2021. ECF No. 45. The parties were given an opportunity to advise the Court of their views with respect to what information, if any, should be redacted from the Memorandum Opinion and Order. On March 11, 2021, petitioner filed a joint notice on behalf of the parties stating that the parties had no redactions to the Memorandum Opinion and Order. ECF No. 47. And so, the Court is reissuing its Memorandum Opinion and Order, dated February 16, 2021, as the public opinion.

Access Management ("ICAM") program to Easy Dynamics Corporation ("Easy Dynamics"). The government has moved to dismiss Golden IT's challenges to the USDA's original award decision, and the agency's expected new award decision following taking corrective action, upon the grounds of mootness and ripeness. *See generally* Def. Mot. The parties have also filed cross-motions for judgment upon the administrative record on the issues of whether: (1) the USDA's evaluation of Golden IT's management approach proposal and best value analysis was irrational and (2) whether the USDA's corrective action is arbitrary, capricious, or contrary to law. *See generally id.*; Pl. Mot.

For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss Golden IT's claims challenging the USDA's original award decision and any future award decision; (2) **DENIES** Golden IT's motion for judgment upon the administrative record with regards to its challenge to the USDA's corrective action; (3) **GRANTS** the government's cross-motion for judgment upon the administrative record with regards to Golden IT's challenge to the USDA's corrective action; and (4) **DISMISSES** the complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

#### 1.   The Request For Quotations

This post-award bid protest dispute involves a challenge to the USDA's decision to award a blanket purchase agreement to assist the agency in implementing the ICAM program to Easy Dynamics (the "BPA") and the nature of the agency's subsequent corrective action. *See generally* Am. Compl.

As background, the USDA issued a Request for Quotations ("RFQ") seeking assistance with the implementation of the ICAM Program on May 14, 2020. *See* AR1-66. The RFQ contemplates the award of a single BPA under which the USDA would issue multiple call orders over a base year and four option years. AR7.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the administrative record ("AR"); Golden IT's motion for judgment upon the administrative record ("Pl. Mot."); and the government's motion to dismiss certain claims and cross-motion for judgment upon the administrative record ("Def. Mot."). Except where otherwise noted, all facts recited herein are undisputed.

Specifically, the RFQ calls for a phased procurement process, during which the USDA would evaluate each quoter's: (1) prior experience; (2) management approach and price; and (3) oral presentation. AR9-10. Specifically relevant to this dispute, the RFQ provides that the USDA would evaluate the management approach factor based upon: (1) a proposed staffing plan; (2) an agile project management/software development plan; (3) a DevSecOps plan; and (4) a hiring, recruitment, training, and skills development plan. AR12-13.

The RFQ also provides that the USDA would assign each quoter a confidence rating of either "unknown confidence," "no confidence," "low confidence," "some confidence" or "high confidence" after each phase of the evaluation process. *See* AR9-10; AR405. In addition, the RFQ provides that the USDA would advise each quoter of their respective confidence ratings for each evaluation phase and allow the quoter to either "opt-in" or "opt-out" of the next phase of the procurement. AR87.

### 2.     The USDA's Evaluation Of Proposals

Golden IT submitted a prior experience quote in response to the RFQ on May 27, 2020. AR281-325. Thereafter, the USDA informed Golden IT that it had received a "some confidence" rating for the prior experience factor and that the agency recommended that Golden IT continue with the procurement process. AR410. And so, Golden IT—and six other quoters—submitted management approach and price proposals on June 17, 2020. AR420-565; *see also* AR635.

The USDA's evaluation team evaluated the management approach proposals submitted by these quoters over multiple sessions held remotely on June 18 and 19, 2020, and the evaluation team assigned a confidence rating to each proposal pursuant to the RFQ. Baca Decl. at ¶ 14. Thereafter, the USDA's contracting officer, Victoria Baca, drafted several advisory notifications to each quoter to inform each quoter of its respective confidence rating for the management approach factor. *Id.* at ¶¶ 16, 19.

Ms. Baca states in her declaration that she first drafted an advisory notification for Alethix, which was the only quoter to receive a "high confidence" rating for management approach. *Id.* at ¶ 20. Ms. Baca also states that she used the advisory notification sent to Alethix as a template to draft the remaining advisory notices for the quoters that the agency recommended proceed in the procurement, including Golden IT. *Id.* And so, Ms. Baca explains

3

in her declaration that she erroneously advised Golden IT that Golden IT received a "high confidence" rating for its management approach in an advisory notification dated June 19, 2020. *Id.* at ¶ 21; AR570.

After receiving the advisory notification from the USDA, Golden IT proceeded to the final stage of the procurement and gave its oral presentation, which the agency rated "high confidence." AR639-42. On June 30, 2020, the USDA's evaluation team finalized its report evaluating all proposals. AR647-48. The evaluation team's report assigns a "some confidence" rating for Golden IT's management approach and an overall cumulative rating of "some confidence" for Golden IT's proposal. AR635, AR647. After completing a best value tradeoff analysis, the USDA awarded the BPA at issue to Easy Dynamics on July 20, 2020. AR648; AR764-65.

### 3.     The USDA's Investigation And Corrective Action

On July 24, 2020, the USDA provided brief explanations of its award decision to several disappointed quoters, including Golden IT. AR832-49. In connection with this discussion, the USDA became aware of a discrepancy between the management approach confidence ratings contained in the evaluation team's report and the confidence ratings contained in the agency's advisory notifications. AR850-57; *see also* AR646. Upon learning of this discrepancy, the contracting officer referred the matter to the USDA's Branch Chief for further consideration. AR864.

After conducting an internal investigation, the Branch Chief determined that the advisory notifications sent to Golden IT and two other quoters indicating a "high confidence" rating for management approach were sent as the result of an "administrative error" that "did not change the outcome nor the selectee." *Id.* And so, the Branch Chief concluded that "no contractor was harmed by the final decision" and the USDA proceeded with the award of the BPA to Easy Dynamics. *Id.*

On July 31, 2020, another disappointed quoter, Makpar, filed a protest before the Government Accountability Office challenging the USDA's price evaluation and best value analysis in connection with the award of the BPA. AR865-980. After Golden IT filed this bid protest, the USDA announced on August 6, 2020, that it was taking corrective action that would include: (1) cancelling the BPA; (2) conducting a new price evaluation of all quotes that

4

received a cumulative confidence rating for the non-price evaluation factors; (3) conducting a new best value tradeoff analysis; and (4) making a new award decision.  AR985.

### B. Procedural Background

On August 4, 2020, Golden IT filed the complaint in this bid protest matter.  *See generally* Compl.  On August 21, 2020, Golden IT filed an amended complaint.  *See generally* Am. Compl.  The government filed the administrative record on August 28, 2020.  *See generally* AR.

Golden IT filed a motion for judgment upon the administrative record on September 25, 2020.  *See generally* Pl. Mot.  On October 23, 2020, the government filed a motion to dismiss certain claims and a cross-motion for judgment upon the administrative record.  *See generally* Def. Mot.

Golden IT filed a reply in support of its motion for judgment upon the administrative record and a response to the government's motion on November 13, 2020.  *See generally* Pl. Resp.  On December 11, 2020, the government filed a reply in support of its motion to dismiss and cross-motion for judgment upon the administrative record.  *See generally* Def. Reply.

On January 21, 2021, and February 2, 2021, the Court held oral arguments on the government's motion to dismiss and the parties' cross-motions.  *See generally* Oral Arg. Tr., dated Jan. 22, 2021; *see also* Oral Arg. Tr., dated Feb. 3, 2021.

The Court issued an oral opinion during the February 2, 2021, hearing.  *See* Oral Arg. Tr., dated Feb. 3, 2021.  The Court issues this written opinion consistent with its prior oral ruling in this matter.

## III. LEGAL STANDARDS

### A. Bid Protest Jurisdiction

The Tucker Act grants the United States Court of Federal Claims jurisdiction over bid protests brought by "an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  28 U.S.C. § 1491(b)(1).  In bid protest cases, this Court reviews agency actions under the Administrative Procedure Act's ("APA") "arbitrary and capricious" standard.  *See* 28

U.S.C. § 1491(b)(4) (adopting the standard of review set forth in the Administrative Procedure Act). And so, under the APA's standard, an award may be set aside if, "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001)).

The United States Court of Appeals for the Federal Circuit has recognized that:

> When a challenge is brought on the first ground, the test is whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion, and the disappointed bidder bears a "heavy burden" of showing that the award decision had no rational basis. When a challenge is brought on the second ground, the disappointed bidder must show a clear and prejudicial violation of applicable statutes or regulations.

*Id.* (citations omitted).

### B.     Judgment Upon The Administrative Record

Generally, RCFC 52.1 limits this Court's review of an agency's procurement decision to the administrative record. RCFC 52.1; *see Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379 (Fed. Cir. 2009) ("'[T]he focal point for judicial review should be the administrative record already in existence.'") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). And so, unlike a summary judgment motion brought pursuant to RCFC 56, "the existence of genuine issues of material fact does not preclude judgment on the administrative record" under RCFC 52.1. *Tech. Sys., Inc. v. United States*, 98 Fed. Cl. 228, 242 (2011) (citations omitted); RCFC 52.1. Rather, the Court's inquiry is whether, "given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A & D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006) (citation omitted).

### C.     Ripeness And Mootness

Even when the Court's jurisdiction over a claim has been established, the Court may not adjudicate a claim if the claim is not ripe for judicial review. *See, e.g.*, *Health Republic Ins. Co. v. United States*, 129 Fed. Cl. 757, 772 (2017); *Morris v. United States*, 392 F.3d 1372, 1375 (Fed. Cir. 2004) (citing *Howard W. Heck & Assocs., Inc. v. United States*, 134 F.3d 1468 (Fed. Cir. 1998)). To that end, "[r]ipeness is a justiciability doctrine that prevents the courts, through

6

avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1348 (Fed. Cir. 2015) (citations and internal punctuation omitted). This Court has also recognized that, while the ripeness doctrine has been developed through Article III courts, the doctrine's principles are equally applicable in this Court. *See CW Gov't Travel, Inc. v. United States*, 46 Fed. Cl. 554, 557-58 (2000). And so,

> [a] court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. . . . A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*Rothe Dev. Corp. v. DOD*, 413 F.3d 1327, 1335 (Fed. Cir. 2005) (quoting *Monk v. Houston*, 340 F.3d 279, 282 (5th Cir. 2003)) (ellipsis existing).

In determining whether a dispute is ripe for review, the Court must evaluate two factors: "(1) the 'fitness' of the disputed issues for judicial resolution; and (2) 'the hardship to the parties of withholding court consideration.'" *Shinnecock*, 782 F.3d at 1348 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)); *Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1383-84 (Fed. Cir. 2012)). Under the first prong, "an action is fit for judicial review where further factual development would not 'significantly advance [a court's] ability to deal with the legal issues presented.'" *Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1295 (Fed. Cir. 2008) (citing *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003)) (brackets existing). Under the second prong, "withholding court consideration of an action causes hardship to the plaintiff where the complained-of conduct has an 'immediate and substantial impact' on the plaintiff." *Id.* (citing *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 171 (1967)).

In addition, "a case is moot when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 US 486, 496 (1969). And so, "when 'corrective action adequately addresse[s] the effects of the challenged action, and the Court of Federal Claims ha[s] no reasonable expectation that the action would recur,' the matter should be dismissed as moot." *Square One Armoring Servs., Inc. v. United States*, 123 Fed. Cl. 309, 324 (2015) (quoting *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007)) (brackets existing).

### D.  Corrective Action

Lastly, corrective action within the context of a bid protest involves an "agency action, usually taken after a protest has been initiated, to correct a perceived prior error in the procurement process, or, in the absence of error, to act to improve the competitive process." *Dellew Corp. v. United States*, 855 F.3d 1375, 1378 n.2 (Fed. Cir. 2017).  Such corrective action is reviewed under the APA's "highly deferential rational basis" standard.  *Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982, 992 (Fed. Cir. 2018) (citation omitted).

In this regard, the Federal Circuit has held that the rational basis test asks, "whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion." *Id.*  And so, the task of the Court in assessing whether the proposed corrective action is reasonable is to determine:  (1) whether the record supports the agency's finding of flaws in the procurement process that warrant corrective action and (2) whether the corrective action taken was reasonable under the circumstances.  *Sierra Nevada Corp. v. United States*, 107 Fed. Cl. 735, 750 (2012).

### E.  Injunctive Relief

Lastly, under its bid protest jurisdiction, the Court "may award any relief [it] considers proper, including declaratory and injunctive relief."  28 U.S.C. § 1491(b)(2); *see also Centech Grp., Inc. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009).  In deciding whether to issue a permanent injunction, the Court "considers:  (1) whether . . . the plaintiff has succeeded on the merits of the case; (2) whether the plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) whether the balance of hardships to the respective parties favors the grant of injunctive relief; and (4) whether it is in the public interest to grant injunctive relief."  *PGBA, LLC v. United States*, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004) (citing *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.")); *see also Centech Grp., Inc.*, 554 F.3d at 1037.  In this regard, the United States Court of Appeals for the Federal Circuit has held that:

> No one factor, taken individually, is necessarily dispositive.  If a preliminary injunction is granted by the trial court, the weakness of the

showing regarding one factor may be overborne by the strength of the others. If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial.

*FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (citations omitted).

This Court has also found success upon the merits to be "the most important factor for a court to consider when deciding whether to issue injunctive relief." *Dellew Corp. v. United States*, 108 Fed. Cl. 357, 369 (2012) (citing *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1312 (Fed. Cir. 2007)). But, while success upon the merits is necessary, it is not sufficient alone for a plaintiff to establish an entitlement to injunctive relief. *See Contracting, Consulting, Eng'g LLC v. United States*, 104 Fed. Cl. 334, 353 (2012) ("Although plaintiff's entitlement to injunctive relief depends on its succeeding on the merits, it is not determinative because the three equitable factors must be considered, as well.") (citations omitted)).

## IV.   LEGAL ANALYSIS

### A.   Golden IT's Challenge Of The USDA's Original Award Decision Is Moot

As an initial matter, to the extent that Golden IT challenges the USDA's original decision to award the BPA to Easy Dynamics, its claim is moot. In the amended complaint, Golden IT alleges that the USDA's original award decision was irrational, because the agency's evaluation of management approach and best value analysis were unsound. Am. Compl. at 6-8. This claim is moot, because the propriety of the USDA's original award decision is no longer "live" due to the agency's decision to cancel that award and to take corrective action. *Caraco Pharm. Labs, Ltd.*, 527 F.3d at 1295. And so, the Court **DISMISSES** this claim. *Square One Armoring Servs., Inc.*, 123 Fed. Cl. at 324.

### B.   Golden IT's Challenge Of Any Future Award Decision Is Not Ripe

The Court must also dismiss Golden IT's challenge to the USDA's anticipated new award decision, because this claim is not yet ripe for judicial review. Any challenge to the USDA's new award decision after taking corrective action is not yet ripe for judicial review, because it is undisputed that the agency has not yet adopted a final award decision. *NSK Ltd. v. United States*, 510 F.3d 1375, 1384 (Fed. Cir. 2007); Pl. Mot. at 24; Def. Mot. 34-35. Given

9

this, Golden IT's claim related to the USDA's new evaluation and award decision must also be **DISMISSED**.

### C. The USDA's Corrective Action Is Rational

Turning to the merits of Golden IT's challenge to the USDA's corrective action plan announced on August 20, 2020, the Court agrees with the government that the agency's corrective action plan is rational under the circumstances presented in this case. The Court reviews the USDA's corrective action under the "rational basis" standard. *Dell Fed. Sys., L.P.*, 906 F.3d at 992 (citation omitted). And so, the Court considers: (1) whether the record supports the USDA's finding of flaws in the procurement process that warrant corrective action, and (2) whether the corrective action taken was reasonable under the circumstances. *Sierra Nevada Corp.*, 107 Fed. Cl. at 750. The Court answers both of these questions in the affirmative for several reasons.

First, the USDA's corrective action plan is rationally related to identified procurement flaws. The administrative record supports the USDA's finding of flaws in the procurement process regarding its original evaluation of proposals for the BPA at issue that warrant taking corrective action. AR985. On August 6, 2020, the USDA announced that it would undertake corrective action that would include: (1) cancelling the BPA; (2) conducting a new price evaluation of all quotes that received a cumulative confidence rating for the non-price evaluation factors; (3) conducting a new best value tradeoff analysis; and (4) making a new award decision. *Id.*; *see also* AR865-980 (Makpar Corporation's bid protest). As Golden IT acknowledges, the USDA's decision to cancel the original award to Easy Dynamics and to conduct a new price evaluation and best value tradeoff analysis is rational under these circumstances. Pl. Mot. at 23-24.

The administrative record also shows that the USDA's decision not to re-evaluate management approach as part of the agency's corrective action plan is also rational under the circumstances presented in this case. Golden IT argues that this aspect of the USDA's corrective action is irrational, because this plan does not include a new evaluation of management approach. *Id.* In this regard, Golden IT further argues that the USDA unreasonably downgraded the confidence rating for its management approach proposal during the agency's original evaluation of proposals, requiring a new evaluation of this factor. *Id.*

10

The premise of Golden IT's argument—that the USDA downgraded the management approach confidence rating for its proposal from "high confidence" to "some confidence"—is unsubstantiated by the record evidence. The administrative record makes clear that the USDA evaluation team's report signed on June 29 and 30, 2020, provides that Golden IT received a "some confidence" rating for management approach. AR620-23.

Golden IT correctly observes that USDA's contracting officer sent an advisory notice to Golden IT and several other quoters advising that these quoters received a "high confidence" rating for management approach on June 19, 2020. AR568-571. But, the record evidence—and the declaration of the contracting officer for this procurement, Victoria Baca—clarify that this advisory notice inadvertently contained the wrong confidence rating for Golden IT's management approach proposal.

Specifically, the administrative record shows that, after the USDA became aware of the discrepancy between the management approach confidence ratings contained in the agency's advisory notices to Golden IT and several other quoters and the ratings contained in the evaluation team's report, the agency conducted an internal investigation that determined that these notices had been sent as the result of an administrative error. AR864. Ms. Baca also explains in her declaration that she used the advisory notification sent to Alethix—which received a "high confidence" rating for management approach—as a template to draft the advisory notification sent to Golden IT on June 19, 2020. Baca Decl. at ¶¶ 16-19. And so, Ms. Baca further explains that she inadvertently left the reference to a "high confidence" rating for Alethix in the notifications sent to Golden IT and to two other quoters that actually received a "some confidence" rating for the management approach factor. *Id.* at ¶¶ 20-22. Given this, the record evidence simply does not substantiate Golden IT's claim that the USDA unreasonably downgraded or changed the confidence rating for its management approach proposal.

A careful review of the administrative record also shows that the USDA conducted a rational evaluation of management approach that is consistent with terms of the RFQ. The evaluation team's report provides that the agency "evaluated [each management approach proposal] for [the] required content outlined in the Instructions to Offerors and in the Evaluation Plan," after which the evaluation team assigned each proposal a management approach confidence rating. AR614.

11

The administrative record also shows that the UDSA's evaluation team appropriately documented the reasoning for the "some confidence" rating assigned to Golden IT's management approach proposal. *See* AR620-23. Notably, the evaluation team's report states that "[t]he staffing plan proposed by [Golden IT] aligns [with] levels needed for each call order." AR621. The report also observes that the "transition approach [proposed by Golden IT] is focused heavily on methodology . . . but does not speak to organizational change." AR622. And so, based upon these and other observations, the evaluation team reasonably concluded in the report that the confidence rating for Golden IT was "some confidence." AR623.

Because the record evidence does not show that the USDA downgraded Golden IT's proposal under the RFQ's management approach factor, or that the agency otherwise irrationally evaluated management approach during the original evaluation of proposals, the Court agrees with the government that the USDA's corrective action plan is rational under the circumstances presented in this case. And so, the Court **DENIES** Golden IT's challenge of the USDA's corrective action plan.

### D.   Golden IT Is Not Entitled To Injunctive Relief

As a final matter, Golden IT is not entitled to the injunctive relief that it seeks in this case. Golden IT requests, among other things, that the Court require the USDA to tailor its corrective action to address alleged evaluation errors related to, among other things, the evaluation of management approach. Pl. Mot at 27. But, it is well-established that a plaintiff that has not succeeded upon the merits of its claims cannot prevail upon a claim for such injunctive relief. *Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 176 (2005). Because Golden IT has not shown that the USDA's corrective action plan is irrational, it cannot succeed upon the merits of its claims. And so, the Court **DENIES** Golden IT's request for injunctive relief.

### V.   CONCLUSION

Because Golden IT's claims challenging the USDA's original and anticipated new award decisions for the BPA at issue are non-justiciable and the record evidence shows that the USDA's corrective plan is rational under the circumstances presented in this bid protest dispute, the Court:

1. **GRANTS** the government's motion to dismiss Golden IT's claims challenging the USDA's original award decision and any future award decision related to the BPA;

2. **DENIES** Golden IT's motion for judgment upon the administrative record with regards to its challenge to the USDA's corrective action plan;

3. **GRANTS** the government's cross-motion for judgment upon the administrative record with regards to Golden IT's challenge to the USDA's corrective action plan; and

4. **DISMISSES** the complaint.

The Clerk shall enter judgment accordingly.

Each party to bear its own costs.

Some of the information contained in this Memorandum Opinion and Order may be considered protected information subject to the Protective Order entered in this matter on August 6, 2020. This Memorandum Opinion and Order shall therefore be filed **UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted in accordance with the terms of the Protective Order prior to publication. The parties shall **FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction, on or before **March 16, 2021**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
Judge